# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BOBBY WHITE, JR.,

                Plaintiff,      :      Case No. 3:16-cv-426

                                                District Judge Walter Herbert Rice
   -  vs  -                               Magistrate Judge Michael R. Merz

CITY OF TROTWOOD, OHIO,
  UTILITY BILLING,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

Plaintiff in this case was granted leave to proceed *in forma pauperis* and is proceeding pro se (ECF No. 2).  Because Plaintiff does not have the benefit of counsel, he probably has not considered which is the proper court in which to file his claim of overbilling by the City of Trotwood for utilities.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976).  Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799).  Facts supporting

1

subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798).  The burden of proof is on the party asserting jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935).  A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908);  *Capron v. Van Noorden*, 6 U.S. 126 (1804);  *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

  Plaintiff has not pled a basis for federal court jurisdiction.  The parties are both residents of the State of Ohio, so there is no basis for diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  The Complaint does not present a claim arising under federal law, so there is no basis for federal question jurisdiction under 28 U.S.C. § 1331.  Nothing in the Complaint suggests that Trotwood is billing Plaintiff on some discriminatory basis such as would be actionable under the civil rights acts and for which jurisdiction would be conferred by 28 U.S.C. § 1343.  The Magistrate Judge also notes that Plaintiff has not claimed any particular basis of federal court jurisdiction in the place provided for making such a claim on the standard form of pro se complaint (See Complaint, ECF No. 3, PageID 15).  If Plaintiff has a viable claim, it should be brought in the Montgomery County Common Pleas Court or in the municipal court having jurisdiction over the City of Trotwood if the amount being claimed is within the jurisdictional limits of that court.

  The Magistrate Judge respectfully recommends that the Complaint herein be DISMISSED without prejudice for lack of jurisdiction.

The Clerk is ORDERED not to issue process in this case until this Report is acted on by the District Judge.

October 12, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).